IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO, DISTRICT 1199C, 1319 Locust Street Philadelphia, Pennsylvania 19107 | : : : : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. |
| CROTHALL SERVICES GROUP, 955 Chesterbrook Blvd., Suite 300 Wayne, Pennsylvania 19087 | : : : : : |
| Defendant. | : : |

## COMPLAINT

1. This Complaint is an action to confirm and enforce a labor arbitration award under Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 185.

3. Venue is proper in this judicial district as both parties reside and conduct their business here and the dispute arose here. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      The Plaintiff, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, District 1199C ("Union"), is a labor organization within the meaning of Section 152(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and maintains an office and does business at 1319 Locust Street, Philadelphia, Pennsylvania.

5.      The Defendant, Crothall Services Group ("Crothall"), is an employer within the meaning of Section 152(2) of the NLRA, 29 U.S.C. § 152(2), and maintains its principal office at 955 Chesterbrook Blvd., Suite 300, Wayne, Pennsylvania 19087.

**BACKGROUND**

6.      The Union and Crothall, at all times relevant to this action, are parties to a collective bargaining agreement which establishes the wages, hours and terms and conditions of employment for a bargaining unit of employees located at The Hospital of the University of Pennsylvania ("HUP").  The collective bargaining agreement is attached as Exhibit A-1, and A-2.[1]

7.      The collective bargaining agreement covering the employees of Crothall at HUP is effective October 1, 2005, through September 30, 2010, and covers a unit consisting of "all full-time and regular part-time non-professional Employees employed in the food service and housekeeping departments at The Hospital of the University of Pennsylvania, Philadelphia, Pennsylvania, and excluding all other Employees, PRNs, guards and supervisors as defined in the Act."

---

[1] The parties submitted to the Arbitrator a signed tentative agreement, and an unsigned copy of the complete collective bargaining agreement.

8. The collective bargaining agreement referred to above contains a provision, Article 9, governing Discharge and Penalties. This Article provides that discharge, suspension, or discipline of employees is for just cause only.

9. Luis Marin was a full-time Crothall housekeeping department employee, and a member of Crothall's bargaining unit at HUP. On January 17, 2007, he was terminated by Crothall.

10. On or about January 17, 2007, the Union filed a grievance under the grievance procedure in the collective bargaining agreement, protesting Crothall's termination of the Grievant.

11. The parties were unable to resolve the grievance and it was referred for arbitration to Arbitrator J. Joseph Loewenberg, an arbitrator selected in accordance with the American Arbitration Association, as provided for in the collective bargaining agreement.

12. A hearing was held before Arbitrator Loewenberg on July 2, 2007. After the presentation of testimony and submission of briefs by the Union and Crothall, Arbitrator Loewenberg issued his Award and Opinion on August 3, 2007. A true and correct copy of the Award and Opinion is attached hereto as Exhibit B.

13. The Arbitrator's Award provides:

> The Employer did not have just cause to terminate the employment of Luis Marin. The Employer did have just cause to issue lesser discipline. The Employer shall reinstate Mr. Marin to his former position. The time between the termination and reinstatement shall be regarded as a disciplinary suspension without pay.

14. Crothall has failed and refused to comply with the Arbitrator's Award.

15. Crothall's refusal to comply with the terms of the Award is unlawful and without justification and constitutes a clear violation of the collective bargaining agreements and Section 301 of the Labor-Management Relations Act.

## **REMEDY**

16.     By virtue of the refusal of Crothall to comply with the Arbitrator's Award, the Union has been denied the relief to which it is entitled under the Award, and Crothall has failed to meet its obligations to adhere to final and binding arbitration as required by the collective bargaining agreement.

**WHEREFORE**, the Union respectfully requests judgment in its favor and the issuance of an Order providing that:

A.      Judgment be granted in favor of the Union and against Crothall to enforce the Arbitration Award of Arbitrator J. Joseph Loewenberg dated August 3, 2007;

B.      Crothall be directed to comply with the Arbitration Award by doing the following:

(1)     Reinstating Mr. Marin to his position with the Employer; and

(2)     Paying Mr. Marin back pay from the date of the award until Mr. Marin's reinstatement.

C.      Cost of proceeding, together with reasonable attorney's fees, be granted in favor of the Union and against Crothall; and

    D.    Such other relief be granted as the Court shall deem just and proper.

>Respectfully submitted,
>
>FREEDMAN AND LORRY, P.C.
>
>By:_____/S_____
>    GAIL LOPEZ-HENRIQUEZ
>    Pa. Attorney I.D. No._____
>    Validation of Signature Code No. _____
>    1601 Market Street, 2nd Floor
>    Philadelphia, PA 19103
>    Ph (215) 925-8400
>    Fax (215) 925-7516

Dated: January 17, 2008